By the Court.
Pierrepont, J.
—This was an action to' recover the value of a picture which the defendants had received as common carriers, and'which was lost. The sole question was the amount of damages to be recovered, and that depended upon the value of the picture. It was a daguerreotype likeness of Henry Clay. The plaintiff, after calling various witnesses as to the value of the picture, put the following questions to Nathan S. Bennett, a daguerreotypist, by whom the claim in suit was assigned to the plaintiff:
Q. Had you orders for copies of that picture ? The defendants’ counsel objected to the question on the ground:
1st. That it was immaterial and irrelevant.
2d. That the orders for or sales of copies of the picture were not proper evidence to go to the jury on the question of value; and,
3d. That the profits of taking copies were not a proper element in determining the value, or recoverable against defendants.
The Court overruled the objection, to which overruling the defendants’ counsel then and there excepted. But the Court stated that the evidence would be admitted to show that actual use could be made of the picture in the prosecution of business, *357 and that it possessed a value beyond the mere pleasure which an inspection of it would furnish, but that no loss of anticipated profits from not being able to supply any copies of it that had been ordered could be recovered as damages.
The witness answered: I had.
The plaintiff’s counsel then put the following question:
. Q. How many orders had you? (This question was also objected to by the defendants’ counsel on the same grounds. The objection was overruled, and the defendants excepted.) The witness answered: I can’t tell exactly; I had orders which, at my charges of from two to ten dollars for each picture, would amount to $600.
Q. By the Court. Within what period of time were those orders given? The defendants objected as before. The objection was overruled, and the defendants excepted.
A. Within five or six months.
The court in charging the jury, very carefully instructed them that profits for copies were not to be taken into account, in determining the amount of their verdict, and it would appear from the amount of the verdict, that they did not estimate the profits to be derived from future copies of the picture. The direct evidence of the real value of the picture, is abundant to sustain the verdict, and we think no error has been committed which demands a new trial.
Judgment affirmed, with costs.